UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPPERWALL,<br>        Appellant,<br>        v.<br>BANK OF AMERICA, N.A.,<br>        Appellee. | Case Nos. 16-cv-00106-JST, 16-cv-00134-JST<br><br>**ORDER AFFIRMING BANKRUPTCY COURT** |

Appellant Stephen G. Opperwall, appearing pro se, has filed two appeals related to his Chapter 13 bankruptcy proceeding. Having considered the papers filed by the parties, the Court affirms the orders of the bankruptcy court in Case Number 16-cv-00106 and Case Number 16-cv-00134.

**I.   BACKGROUND**

Opperwall filed for Chapter 13 bankruptcy on February 11, 2012. ECF No. 13 at 10.[1] On June 20, 2012, Bank of America filed a proof of claim stating that Opperwall owed $59,720.94 in arrears and $5,933.27 in monthly payments on a $952,133.91 home mortgage loan. Id. On June 27, 2012, the bankruptcy court confirmed Opperwall's Chapter 13 plan, which provided that he would cure the arrears through the plan, that he would make monthly mortgage payments of $2,724.66 to Bank of America, and that he would "obtain, prior to confirmation of this plan, a loan modification agreement . . . which allows [Opperwall] to pay $2,724.66 per month." ECF No. 13-1 at 96-98.[2] After accepting Opperwall's $2,724.66 monthly payments for over two years, on August 15, 2014, the Bank in filed a motion to dismiss or convert the bankruptcy case to Chapter

---

[1] The parties filed identical briefs with the same docket numbers in Case Nos. 16-cv-00106 and 16-cv-00134.
[2] Docket numbers 13-1 and 13-2 are Bank of America's Excerpts of Record. Page citations refer to the Court's page stamp at the top of the documents.

7. ECF No. 12 at 26; ECF No. 13 at 10.  The Bank asserted that Opperwall never obtained the loan modification that would have permitted him to make the reduced $2,724.66 monthly payments rather than the full $5,933.27 payments.  ECF No. 13 at 10.  The bankruptcy court denied the motion in October of 2014.  Id. at 11.  First, the court found that Opperwall had not breached the plan.  Because the plan was silent on what would happen without a loan modification, Opperwall was entitled to make the $2,724.66 monthly payments, even though it would result in a larger claim for the Bank at the end of the five-year plan due to interest accretion.  Id.; ECF No. 13-1 at 152-54.  Second, however, the court concluded that Opperwall's monthly payments of $2,724.66 did not create a formal loan modification or affect Bank of America's underlying claim.  ECF No. 13 at 11.

In response to Bank of America's attempt to dismiss the bankruptcy case, Opperwall filed a complaint against the Bank in Alameda Superior Court, alleging that he had obtained a loan modification agreement that the Bank had failed to comply with.  ECF No. 13-2 at 35.  Bank of America removed the action to bankruptcy court and answered the complaint.  Id. at 26-28, 50-57.  Opperwall then moved to remand.  Id. at 58-59.  Before the court ruled on the remand motion, Opperwall filed a proposed first amended complaint, which the court later deemed to be the operative one.  Id. at 67-81, 93-94.  On October 21, 2015, the bankruptcy court denied Opperwall's remand motion in order to assess the threshold issue of the preclusive effect of Opperwall's confirmed plan on his state law claims.  Id. at 98-99.  Opperwall did not seek interlocutory appeal of that order.  Bank of America subsequently moved to dismiss Opperwall's first amended complaint.  Id. at 105-27.  Opperwall then filed a counter-motion to compel responses to his discovery requests.  Id. at 232-33.

In December of 2015, the bankruptcy court granted Bank of America's motion to dismiss on the ground that res judicata barred Opperwall's claims.  Id. at 253-54.  Specifically, the court found that Opperwall should have asserted his claim of a loan modification prior to confirmation of his plan.  Id. at 248.  The court then denied the counter-motion to compel discovery as moot.  Id. at 254.  Opperwall now appeals two separate orders of the bankruptcy court: (1) the order denying his motion to remand the action (Case No. 16-cv-00106); and (2) the order granting Bank

2

of America's motion to dismiss the adversary complaint, while denying Opperwall's counter-motion to compel discovery as moot (Case No. 16-cv-00134). ECF No. 13 at 8.

## II. JURISDICTION AND STANDARD OF REVIEW

The Court has jurisdiction over these appeals pursuant to 28 U.S.C. § 158(a). The bankruptcy court's findings of fact and conclusions of law are reviewed de novo.[3] Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172 (2014).

## III. DISCUSSION

### A. Appeal of order denying motion to remand

Opperwall did not take an interlocutory appeal of the bankruptcy court's order denying his motion to remand. ECF No. 13-2 at 256. When a party fails to seek interlocutory review of a denial of remand, the scope of review on appeal is limited to "whether the federal [district] court would have had jurisdiction had the case been filed in federal court in the posture it had at the time of the entry of final judgment." Estate of Bishop v. Bechtel Power Corp., 905 F.2d 1272, 1275 (9th Cir. 1990) (quoting Lewis v. Time, Inc., 710 F.2d 549, 552 (9th Cir. 1983)).

Bankruptcy courts have jurisdiction over civil proceedings in three ways. 28 U.S.C. § 1334(b); see In re Ray, 624 F.3d 1124, 1130 (9th Cir. 2010) (describing the different bases of jurisdiction). As relevant here, bankruptcy courts have post-confirmation "related to" jurisdiction when there is a "close nexus" between the bankruptcy proceeding and the civil matter. § 1334(b) ("[T]he district courts shall have original but not exclusive jurisdiction of all civil proceedings . . . related to cases under title 11."); In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005) (adopting "close nexus" test). A close nexus exists when the civil matter affects "the interpretation, implementation, consummation, execution, or administration of the confirmed

---

[3] As discussed below, see infra Section III.A, the bankruptcy court had "related to" jurisdiction over Opperwall's state law claims. In order for bankruptcy courts to issue final orders or judgments in these "non-core" proceedings under "related to" jurisdiction, however, parties must consent. Exec. Benefits Ins. Agency v. Arkison, 134 S. Ct. 2165, 2172 (2014). Because Opperwall did not consent, the bankruptcy court should have issued proposed findings and conclusions for the district court to review de novo and enter final orders or judgments. See id. Nonetheless, the Court can proceed by treating the decisions of the bankruptcy court as proposed findings and conclusions subject to de novo review, pursuant to Bankruptcy Local Rule 8003-1 and District Court General Order 24 (Feb. 22, 2016).

3

plan." In re Pegasus Gold, 394 F.3d at 1194 (quoting In re Resorts Int'l, Inc., 372 F.3d 154, 167 (3d Cir. 2004)). In Pegasus Gold, for example, the Ninth Circuit affirmed the bankruptcy court's "related to" jurisdiction because resolution of the debtor's contract claims that the defendant breached a bankruptcy plan and related settlement agreement required interpretation of the debtor's plan and would have affected implementation and execution of the plan. Id.

      Similarly here, there is a close nexus between Opperwall's claims that Bank of America breached the loan modification agreement and Opperwall's bankruptcy plan. Opperwall's state court complaint alleges that he obtained a modification *before* the Bank's foreclosure attempt that led to Opperwall's bankruptcy petition. ECF No. 13-2 at 72 (asserting in paragraph 24 that the "modification was approved" and then in paragraph 27 that "[s]till later" Bank of America initiated foreclosure). He also alleges that the modification agreement allowed the "arrearages [to be] put onto the back end of the loan period." Id. By contrast, the plan states only that its terms are *contingent* on Opperwall obtaining a loan modification agreement, and the plan preserves the Bank's right to arrears owed on Opperwall's loan. ECF No. 13-1 at 97 ("Debtor will obtain, prior to confirmation of this plan, a loan modification agreement," and "the pre-petition arrearage portion . . . is paid through the plan with interest."). Clearly, some conflict exists between the plan's language and Opperwall's allegations. Because resolution of Opperwall's claim that Bank of America breached the loan modification agreement requires interpretation of the plan, there is a sufficiently close nexus to confer "related to" jurisdiction over Opperwall's state law claims. Accordingly, the Court affirms the denial of the motion to remand.

      Opperwall's arguments to the contrary do not alter the Court's conclusion. See ECF No. 12 at 22. First, Opperwall argues that his complaint alleges only state law claims that do not trigger federal court jurisdiction. Id. at 23. This argument is unpersuasive in light of the bankruptcy court's jurisdiction over civil proceedings "related to" bankruptcy proceedings. See 28 U.S.C. § 1334(b). Second, Opperwall argues that Bank of America did not carry its burden of proof for removal or for opposing his motion to remand. ECF No. 12 at 22. The Court need not address this point given that, as discussed above, the scope of review is limited to determining the bankruptcy court's jurisdiction at the time of final judgment. See Estate of Bishop, 905 F.2d at

1275. Finally, Opperwall argues that res judicata, collateral estoppel, and claim preclusion work against Bank of America. ECF No. 12 at 24. The Court rejects this argument because it relates to the merits of Opperwall's claim, not the remand order.[4]

Because the bankruptcy court had "related to" jurisdiction over Opperwall's claims, the Court affirms the denial of Opperwall's motion to remand.

### B.   Appeal of order granting motion to dismiss and denying counter-motion to compel discovery

#### 1.   Motion to dismiss

A confirmed plan is "res judicata as to all issues that could have or should have been litigated at the confirmation hearing." In re Pardee, 193 F.3d 1083, 1087 (9th Cir. 1999). "A claim may be dismissed under the doctrine of res judicata on a motion to dismiss under Rule 12(b)(6) when the Court is able to discern the relevant facts by way of judicial notice of the earlier court proceedings." Rasooly v. Self, No. 14-cv-04521-JSC, 2015 WL 3430092, at *2 (N.D. Cal. May 27, 2015) (citing Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984)).

The Ninth Circuit applies a four-factor test for assessing the scope of claims precluded by a bankruptcy court's determination:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

See Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998) (quoting In re Int'l

---

[4] Opperwall's reasoning is also incorrect. He states that the Bank is barred from making its arguments because the bankruptcy court previously found that the Bank was precluded from arguing a point inconsistent with the plan. ECF No. 12 at 24-25. It is true that the Bank is precluded from arguing that Opperwall's $2,724.66 monthly payments constitute a failure to perform. See ECF No. 13-1 at 152 ("I [Judge Lafferty] cannot really find that [Opperwall] hasn't performed under the plan."). But because the bankruptcy court noted that Opperwall's payments did not constitute a loan modification or affect Bank of America's claim, the Bank is not precluded from arguing there was no loan modification agreement, contrary to Opperwall's position. See id. at 163 ("I'm [Judge Lafferty] not taking any part of that to be a *de facto* loan mod. . . . [T]he plan was nowhere near clear enough that . . . you [Opperwall] were changing their [the Bank's] rights with respect to anything other than what they were simply going to get if you got a loan modification.").

5

1   Nutronics, Inc., 28 F.3d 965, 970 (9th Cir. 1994)).

2         Applying the four-factor test, the Court agrees with the bankruptcy court that the doctrine
3   of res judicata bars Opperwall's claims. Siegel, which involved similar facts, is instructive here.
4   In that case, Freddie Mac initiated foreclosure proceedings after debtor Siegel defaulted on two
5   loans. Id. at 528. When Siegel filed for bankruptcy, Freddie Mac filed proofs of claim to which
6   Siegel did not object, and the bankruptcy court allowed Freddie Mac to foreclose. Id. While his
7   bankruptcy proceeding was ongoing, Siegel sued Freddie Mac in state court, arguing that Freddie
8   Mac should not be able to proceed against him because it had violated its duties under the loan
9   agreements. Id. at 528-29. In response, Freddie Mac argued that Siegel's action was barred by the
10  res judicata effect of the bankruptcy proceeding, which by that time had concluded. Id. at 528.

11        Analyzing the first factor, the Siegel court found that Freddie Mac's right to recover on its
12  bankruptcy court claims would be affected by Siegel's contract and tort claims. Id. at 529.
13  Similarly here, Opperwall's state law claims could jeopardize the Bank's rights established in the
14  confirmation order. Opperwall alleges that the modification "had already been agreed to" and
15  included terms of "a 2% fixed interest for 7 years" with "earlier arrearages put onto the back end
16  of the loan period." ECF No. 13-2 at 71-72. The plan, however, states that Opperwall "will
17  obtain" a modification agreement and, even with the modification in place, explicitly requires that
18  Opperwall pay 6.75% interest for 5 years with the "arrearage portion . . . paid through the plan
19  with interest." ECF No. 13-1 at 96-97. Given this conflict, the first factor favors dismissal.

20        The second and fourth factors also weigh in favor of a finding of res judicata. As in
21  Siegel, Opperwall's breach of contract action and the bankruptcy proceeding involve
22  "substantially the same evidence" and stem from the same "nucleus of facts." See 143 F.3d at
23  529. In Siegel, the "loan documentation and the surrounding circumstances" comprised the key
24  evidence for both the bankruptcy proceeding and state court complaint. Id. Here too, the
25  documentation related to the bankruptcy plan and surrounding circumstances of the alleged
26  modification underlie Opperwall's breach of contract claims and his bankruptcy proceeding.

27        Finally, both here and in Siegel, the third factor favors application of res judicata because
28  the two suits "involve infringement of the same right." See id. In Siegel, both suits implicated

Freddie Mac's "right to recovery under the loan agreements." Id.  Similarly here, the bankruptcy proceeding and the breach of contract action involve Bank of America's right to recover the arrears under its proof of claim.

In sum, all four factors weigh in favor of dismissal on res judicata grounds.  Opperwall could have alleged the existence of a formal loan modification and attacked the Bank's right to recover the arrears on his loan in the confirmation hearing.  Indeed, the fact that Bank of America attempted to foreclose *after* Opperwall claims a modification was finalized but *before* the confirmation hearing means Opperwall knew a disagreement remained.  ECF No. 13-2 at 72 (explaining that "[s]till later," after the "modification was approved," Bank of America initiated foreclosure).[5]  Yet Opperwall failed to raise the issue.

Again, Opperwall's contrary argument is unpersuasive.  Opperwall claims that Bank of America was prohibited from filing a motion to dismiss after it already answered Opperwall's original complaint.  ECF No. 12 at 31 (citing Fed. R. Civ. P. 12(b)(6)).  But this ignores the fact that the bankruptcy court deemed Opperwall's first amended complaint to be the operative one.  See ECF No. 13-2 at 99.  Thus, the Bank's motion was timely.  The bankruptcy court's order granting the Bank's motion to dismiss is affirmed.

### 2. Motion to compel

Opperwall also appeals the bankruptcy court's order denying his counter-motion to compel discovery as moot.  The Court affirms the bankruptcy court's order for two reasons.  First, courts may dismiss motions to compel as moot upon dismissal of a complaint.  See Langston v. Shiaishi,

---

[5] The bankruptcy court also concluded that the chain of events suggested that a controversy existed before the confirmation hearing:

> Some dialogue proceeded to set in his [Opperwall's] mind some level of certainty about the possibility of a loan mod, if not the actual terms of a loan mod, that at some point, he believed that was a done deal, and he was relying on it, that in his mind, Bank of America began foreclosure proceedings, and he filed a bankruptcy case.  So it's absolutely clear to me [Judge Lafferty] that the logical way to think of this is, there was a claim that was in existence prior to the commencement of the bankruptcy case . . . .

ECF No. 13-2 at 248.

568 Fed. Appx. 519, 520 (9th Cir. 2014). Second, Opperwall failed to follow the local rules governing motions to compel. See N.D. Cal. Bankr. R. 1001-2; N.D. Cal. Civ. R. 37-2. Opperwall's motion did not "detail the basis for [his] contention that [he] is entitled to the requested discovery" and did not "show how the proportionality and other requirements of Fed. R. Civ. P. 26(b)(2) are satisfied." ECF No. 13 at 25. The Court concludes that the bankruptcy court correctly denied Opperwall's motion.

## CONCLUSION

For the foregoing reasons, the Court affirms the orders of the bankruptcy court in Case Numbers 16-cv-00106-JST and 16-cv-00134-JST.

IT IS SO ORDERED.

Dated: November 7, 2016

_____
JON S. TIGAR
United States District Judge